1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBIN HARRIS,                          No.  2:13-cv-1563 CKD

12                  Plaintiff,

13          v.                               ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15
                    Defendant.
16

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner") denying applications for Disability Income Benefits ("DIB") and

20   Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act

21   ("Act"), respectively.  For the reasons discussed below, the court will deny plaintiff's motion for

22   summary judgment and grant the Commissioner's cross-motion for summary judgment.

23   BACKGROUND

24          Plaintiff, born July 28, 1959, applied on April 2, 2010 for DIB and SSI, alleging disability

25   beginning September 1, 2009.  Administrative Transcript ("AT") 140-150.  Plaintiff alleged she

26   was unable to work due to a duodenal ulcer.  AT 169.  In a decision dated October 17, 2011, the

27   ALJ determined that plaintiff was disabled for a closed period from September 1, 2009 through

28   June 30, 2011, that medical improvement occurred as of July 1, 2011, and that plaintiff was not

                                                1

disabled after that date.[1]  AT 19-28.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant met the insured status requirements of the Social Security Act as of September 1, 2009, the date that the claimant became disabled.
>
> 2.  The claimant has not engaged in substantial gainful activity since September 1, 2009, the alleged onset date.
>
> 3.  At all times relevant to this decision, the claimant has had the following severe impairments:  residuals from perforated ulcer and abdominal pain.
>
> 4.  From September 1, 2009 through June 30, 2011, the period during which the claimant was disabled, the claimant did not have

---

[1]     Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.  After careful consideration of the entire record, the undersigned finds that, from September 1, 2009 through June 30, 2011, the claimant could not perform sustained work activity on a regular and continuing basis at any exertional level due to abdominal pain.

6.  From September 1, 2009 through June 30, 2011, the claimant was unable to perform past relevant work.

7.  The claimant was born on July 28, 1959 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

8.  The claimant has at least a high-school education and is able to communicate in English.

9.  The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity assessed for the period from September 1, 2009 through June 30, 2011.

11.  The claimant was under a disability, as defined by the Social Security Act, from September 1, 2009 through June 30, 2011.

12.  Medical improvement occurred as of July 1, 2011, the date the claimant's disability ended.

13.  Beginning on July 1, 2011, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

14.  After careful consideration of the entire record, the undersigned finds that, beginning on July 1, 2011, the claimant has had the residual functional capacity to perform the full range of light work as denied in [the regulations].

15.  The medical improvement that has occurred is related to the ability to work.

16.  Since July 1, 2011, the claimant's age category has not changed.

17.  Beginning on July 1, 2011, the claimant has been unable to perform past relevant work.

18.  Beginning on July 1, 2011, transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills.

19.  Beginning on July 1, 2011, considering the claimant's age, education, work experience, and residual functional capacity, the

3

claimant has been able to perform a significant number of jobs in the national economy.

20.  The claimant's disability ended on July 1, 2011.

AT 23-27.

ISSUES PRESENTED

Plaintiff contends the ALJ improperly rejected the opinion of her treating physician and erroneously found that she had medical improvement based on the unsupported opinion of an examining physician.  In finding medical improvement, plaintiff contends the ALJ improperly discredited her subjective complaints.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,

4

1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

    A.  Physicians' Opinions

    Plaintiff contends that the ALJ improperly rejected the opinion of her treating physician,

Dr. Tsang, and improperly relied on the opinion of a consultative examining physician, Dr.

Sundar.  The weight given to medical opinions depends in part on whether they are proffered by

treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a

greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80

F.3d 1273, 1285 (9th Cir. 1996).

    To evaluate whether an ALJ properly rejected a medical opinion, in addition to

considering its source, the court considers whether (1) contradictory opinions are in the record,

and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81

F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at

830.  While a treating professional's opinion generally is accorded superior weight, if it is

contradicted by a supported examining professional's opinion (e.g., supported by different

independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala , 53 F.3d

1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In

any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory,

minimally supported opinion rejected); see also Magallanes , 881 F.2d at 751.  The opinion of a

non-examining professional, without other evidence, is insufficient to reject the opinion of a

treating or examining professional.  Lester, 81 F.3d at 831.

    Dr. Tsang, plaintiff's treating physician, in a chronic pain residual functional capacity

questionnaire dated September 23, 2010, opined that plaintiff had significant physical limitations.

Dr. Tsang indicated that the medical records supported the assessed limitations starting in March 2010.  If Dr. Tsang's opinion was credited, plaintiff would be precluded from performing work at any exertional level.  AT 320-323.  The ALJ did credit this opinion and found that plaintiff could not perform sustained work activity at any exertional level from September 1, 2009 through June 30, 2011.  AT 23.

The main thrust of plaintiff's argument appears to be that the ALJ should not have relied on the opinion of consulting physician Dr. Sundar in finding that plaintiff's condition had medically improved as of July 1, 2011 and that she was thereafter no longer disabled.  AT 25.  In Dr. Tsang's September 2010 opinion, she indicated that plaintiff's prognosis was "good."  AT 320.  Dr. Sundar examined plaintiff almost a year later, in August 2011.  Dr. Sundar took an oral history from plaintiff and performed an independent clinical examination, noting only minimal tenderness in the epigastrium.  AT 596-604.  Plaintiff contends Dr. Sundar's opinion cannot constitute substantial evidence in support of medical improvement because no medical records were provided for review.  However, review of the medical records demonstrates that plaintiff showed improvement after the surgical repair of her perforated ulcer in February 2010.  AT 406-407 (June 2010--mild abdominal findings on CT scan; mild tenderness with deep palpation of upper quadrant); 401 (August 2010--cramping, particularly after eating); 398 (October 2010--no rebound or guarding, negative for nausea, vomiting, diarrhea); 387 (February 2011--gastrointestinal negative, plaintiff complained only of hot flashes); 374 (April 2011--plaintiff complained only of knee pain).[2]  Because Dr. Sundar's opinion was based on independent clinical

/////

---

[2]  Additional medical records submitted to the Appeals Council and made a part of the administrative record cover the period from September 26, 2011 through January 12, 2012.  AT 612-656.  These records post-date Dr. Sundar's examination and could not therefore have been made available to the consulting physician.  Nonetheless, these records generally demonstrate plaintiff complaining of knee pain and hot flashes, being seen for routine gynecological examinations, and being treated for a vitamin deficiency.  Although there is a reference in the notes from November 2011 that plaintiff was positive for nausea and abdominal pain, plaintiff was negative for vomiting and diarrhea and plaintiff's objective clinical signs indicated only tenderness with deep palpation to the right upper quadrant and epigastric region, with no rebound or guarding.

1   findings and is consistent with the medical record as a whole, there was no error in the ALJ's

2   reliance on this opinion in finding medical improvement.

3       B.  Credibility

4       In general, the ALJ gave plaintiff the benefit of the doubt with respect to her claims of

5   disabling symptoms prior to July 1, 2011.  After that date, however, the ALJ discredited plaintiff

6   to the extent her statements were inconsistent with the residual functional capacity to perform

7   light work.  Plaintiff contests this credibility finding.

8       The ALJ determines whether a disability applicant is credible, and the court defers to the

9   ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g.,

10  Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an

11  explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v.

12  Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be

13  supported by "a specific, cogent reason for the disbelief").

14      In evaluating whether subjective complaints are credible, the ALJ should first consider

15  objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341,

16  344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ

17  then may consider the nature of the symptoms alleged, including aggravating factors, medication,

18  treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the

19  applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

20  testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

21  prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

22  1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-

23  01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and

24  effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.

25  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek

26  treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ

27  in determining whether the alleged associated pain is not a significant nonexertional impairment.

28  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part,

1    on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir.

2    1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6

3    (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the

4    Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."

5    Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

6         The ALJ found plaintiff's subjective complaints to be less than credible after July 1, 2011

7    for several reasons.  The ALJ noted that the medical records did not show ongoing abdominal

8    problems since June 2011.  The ALJ also considered the mild findings on examination, both on

9    clinical examination by the consulting physician and on ultrasound.[3]  AT 26, 407.  As discussed

10   above, the medical record demonstrates improvement in plaintiff's medical condition post-

11   surgery.  While the record indicates plaintiff sought medical help for physical problems such as

12   pain in her knee and hot flashes, plaintiff's abdominal complaints diminished and clinical

13   findings were mild.  The factors considered by the ALJ in assessing plaintiff's credibility are

14   valid and supported by the record.  The credibility finding will not be disturbed.

15   CONCLUSION

16        For the reasons stated herein, IT IS HEREBY ORDERED that:

17        1.  Plaintiff's motion for summary judgment (ECF No. 16) is denied;

18        2.  The Commissioner's cross-motion for summary judgment (ECF No. 19) is granted;

19   and

20        3.  Judgment is entered for the Commissioner.

21   Dated:  June 6, 2014

22                                              _____
                                                CAROLYN K. DELANEY
23                                              UNITED STATES MAGISTRATE JUDGE

24

25   4 harris.ss

26

27   _____

28   [3]  The ALJ's opinion erroneously references an "ultrasound."  It appears the examination was by
     CT scan, not ultrasound.  AT 406.